RECEIPT NUMBER
534930

ORIGINAL

16 pgs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NESHEWAT, M.D. AND
SHAM GUPTA, M.D.

          Plaintiffs

V.

OAKWOOD HEALTHCARE, INC.,
OAKWOOD HOSPITAL AND MEDICAL CENTER-
DEARBORN MEDICAL STAFF, OAKWOOD
HOSPITAL AND MEDICAL CENTER-DEARBORN
CREDENTIALING COMMITTEE, OAKWOOD
HOSPITAL-DEARBORN, BOARD OF TRUSTEES OF
OAKWOOD HOSPITAL AND MEDICAL CENTER,
GERALD FITZGERALD, ALAN DOBZYNIAK, M.D.,
YASSER HAMMOUD, M.D., KAREN CHAPEL, M.D.,
J. JOSEPH DIEDERICH, AND JOHN DOES 1-10.

          Defendants

JUDGE : Taylor, Anna Diggs
DECK : S. Division Civil Deck
DATE : 11/30/2005 @ 13:48:13
CASE NUMBER : 2:05CV74537
CMP MICHAEL NESHEWAT M.D. ET AL
V OAKWOOD HLTHCARE INC ET AL
(SI)

Magistrate Judge Steven D. Pepe

---

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C.
DANIEL J. MCGLYNN (P47678)
Attorneys for Plaintiffs
400 Renaissance Center, Suite 2555
Detroit, MI 48243
(313) 259-8300

---

## COMPLAINT AND JURY DEMAND

Plaintiffs, Michael Neshewat, M.D. and Sham Gupta, M.D. by and through their attorneys, Kotz, Sangster, Wysocki and Berg, P.C., hereby bring the instant Civil Action Complaint against Defendants and state as follows:

## PARTIES

1. Plaintiff, Michael Neshewat, M.D. is an individual and resident of the State of Michigan. Dr. Neshewat is a licensed physician who is authorized to practice medicine in the State of Michigan.

2. Plaintiff, Sham Gupta, M.D. is an individual and resident of the State of Michigan. Dr. Gupta is a licensed physician who is authorized to practice medicine in the State of Michigan.

3. Defendant, Oakwood Healthcare, Inc. is a Michigan corporation doing business in the City of Dearborn, State of Michigan, with its registered address being 18101 Oakwood Blvd., Dearborn, Michigan 48124.

4. Defendant, Oakwood Hospital and Medical Center-Dearborn Medical Staff ("Dearborn Medical Staff"), upon information and belief, is an unincorporated association of physicians holding medical staff privileges at the Oakwood Hospital and Medical Center in Dearborn Michigan ("Oakwood-Dearborn"), located at 18101 Oakwood Boulevard, Dearborn, Michigan 48124.

5. Defendant, Oakwood Hospital and Medical Center-Dearborn Credentialing Committee ("Credentialing Committee"), upon information and belief, is a committee responsible for reviewing applications for medical staffing privileges at Oakwood-Dearborn.

6. Defendant, Board of Trustees of Oakwood Hospital and Medical Center ("Governing Board"), upon information and belief, consists of members of the community charged with overseeing the interests of all hospitals within the Oakwood Healthcare system, including Oakwood-Dearborn.

7. Defendant, Gerald Fitzgerald ("Fitzgerald") is the President and Chief Executive Officer of Oakwood Healthcare, Inc.

8. Defendant, Alan Dobzyniak, MD ("Dobzyniak"), upon information and belief, served as the Chief of Staff at Oakwood-Dearborn until on or about January 2004.

9. Defendant, Yasser Hammoud, M.D. ("Hammoud"), upon information and belief, served on the Credentialing Committee during the relevant time periods.

10. Defendant, Karen Chapel, M.D. ("Chapel"), upon information and belief, served on the Credentialing Committee during the relevant time periods.

11. Defendant, J. Joseph Diederich ("Diederich") is an Executive Vice President of Oakwood Healthcare, Inc. and Chief Operating Office of Oakwood Healthcare System.

12. Defendants, John Does 1-10, upon information and belief, are members of the Credentialing Committee, Governing Board and Medical Staff. The true names and capacities of Defendants sued as John Does 1-10, are unknown at this time; and therefore, Plaintiffs sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege John Does' true names and capacities when ascertained.

## JURISDICTION, VENUE, AND COMMERCE

13. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§1331 and 1337.

14. Venue is proper in this District because Defendants transact business in and are found within this District.

## FACTS

15. The Oakwood Healthcare System is the second largest employer in Wayne County, Michigan, and is comprised of hospitals and health care facilities including, but not

limited to, Oakwood Southshore Medical Center, Oakwood Heritage Hospital, Oakwood-Dearborn, and Oakwood Annapolis Hospital.

16. Oakwood-Dearborn is the largest and most desirable hospital with which to affiliate.

A. **Dr. Neshewat**

17. In 1989, Dr. Neshewat obtained full staff privileges at Oakwood Southshore Medical Center.

18. Also, in 1989, Dr. Neshewat, who was in private practice, opened an office in Dearborn, Michigan.

19. In connection with Dr. Neshewat's expansion of his medical practice to Dearborn, Dr. Neshewat sought staffing privileges at Oakwood-Dearborn.

20. The Chief of Medicine at Oakwood-Dearborn at the time refused to meet with Dr. Neshewat after repeated appointments had been made to discuss his application for staffing privileges and for Dr. Neshewat to undergo an interview as part of the application process.

21. Due to the Chief of Medicine's repeated unavailability and lack of cooperation from the Chief Operating Officer at Oakwood-Dearborn, Dr. Neshewat's application was withdrawn as incomplete.

22. Thereafter, in 1995, Dr. Neshewat became the Chief of Medicine at Oakwood Southshore Medical Center, an affiliated hospital in the Oakwood system.

23. In 1999, Dr. Neshewat was elected Chief of Staff at Oakwood Southshore Medical Center and remained in this position until January 2003.

24. While Chief of Medicine at the affiliated Oakwood Southshore Medical Center, Dr. Neshewat again applied for privileges at Oakwood-Dearborn through the Oakwood Southshore administration so that the application progress could be monitored.

25. Throughout the application process, members of the Oakwood-Dearborn medical staff unreasonably delayed Dr. Neshewat's interview.

26. After completing the application process, Defendants Oakwood-Dearborn, the Credentialing Committee and John Does 1 – 10 denied Dr. Neshewat full staff privileges without explanation. However, Dr. Neshewat was advised to apply for "courtesy privileges." "Courtesy privileges" would (a) allow Dr. Neshewat to admit no more than 12 patients per year to Oakwood-Dearborn, (b) not allow Dr. Neshewat to vote on medical staff matters, and (c) not allow Dr. Neshewat to hold a medical staff office. Dr. Neshewat was finally granted "courtesy privileges" two and a half years later.

27. There was no valid or other reason for the denial of full staff privileges at Oakwood-Dearborn to Dr. Neshewat especially in consideration of Dr. Neshewat's position as Chief of Staff at Oakwood Southshore Medical Center.

28. Upon information and belief, Dr. Neshewat was granted "courtesy privileges" only because the Chief of Staff at Oakwood-Heritage and the Oakwood Southshore medical staff became involved and, among other things, made appeals to the Oakwood-Dearborn Governing Board.

29. With the exception of Oakwood Southshore Medical Center, which has its own Governing Board (Oakwood-Southshore's Governing Board's privileges decisions are subject to approval by the Oakwood-Dearborn Governing Board), all privileging decisions for Oakwood-

5

Dearborn, Oakwood-Annapolis and Oakwood-Heritage are made by the same Governing Board and under the same criteria.

30. The process of obtaining "courtesy privileges" took approximately 2 ½ years; whereas, the average process at other hospitals within the Oakwood Healthcare system takes approximately 30-45 days. Throughout this time Dr. Neshewat had full privileges at Oakwood-Southshore.

31. Defendant Dr. Dobzyniak intentionally attempted to delay this process even further by skipping over the issue of delayed applications for privileges at Oakwood-Dearborn when it came before the Joint Commission on a written meeting agenda.

32. Until he obtained limited "courtesy privileges," Dr. Neshewat could not treat any of his patients who had been admitted to Oakwood-Dearborn because he did not have staff privileges at this site.

33. Dr. Neshewat's inability to treat patients at Oakwood-Dearborn resulted in lost opportunity to earn income to Dr. Neshewat.

**B.  Dr. Gupta**

34. Dr. Gupta is a licensed physician (surgeon), with over 20 years of experience, and who at all relevant times hereto, has had staff privileges at Oakwood Heritage Hospital and Oakwood Southshore Hospital.

35. In or about 2001, Dr. Gupta applied for staff privileges at Oakwood-Dearborn.

36. After two years, on or about May 20, 2003, Dr. Gupta's application was finally dealt with and was not approved by the Credentialing Committee or the Board of Trustees, although under the same criteria and before the same Committee and Board Dr. Gupta had obtained and been reappointed numerous times to the Medical Staffs at Oakwood-Heritage and

Oakwood-Southshore. Other similarly situated physicians with far less experience than Dr. Gupta were provided privileges at Oakwood-Dearborn. Moreover, neither the Board or Credentialing Committee followed the clear guidelines related to an application for privileges as to how the application was handled and the time constraints for decisions set forth in the corporate bylaws and medical staff bylaws.

37. Dr. Gupta recently was reappointed to Oakwood-Heritage for one year although the customary term is two years. Dr. Gupta has never received any notice of why his term is reduced.

38. The reduced term requires Dr. Gupta to reapply for privileges in one year at Oakwood-Heritage.

39. Dr. Gupta's inability to treat patients at Oakwood-Dearborn and limited term at Oakwood-Heritage have resulted in lost opportunity to earn income to Dr. Gupta.

## COUNT I – SHERMAN ANTITRUST REFORM ACT

40. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 39 as though fully set forth herein by reference.

41. Plaintiffs were both granted staff privileges at other hospitals within the Oakwood Healthcare System and therefore they each met and continue to meet the necessary professional requirements and prerequisites needed to obtain staffing privileges at Oakwood-Dearborn.

42. Oakwood-Dearborn's misuse and failure to comply with its staff privileges process to deny privileges to physicians who have already been granted privileges at other hospitals within the same health care system, is an unreasonable exclusionary practice.

43. Defendants through contract, combination or conspiracy, engaged in antitrust activity that has unreasonably restrained trade.

7

44. Oakwood-Dearborn's practice of denying physicians, who have obtained staffing privileges within the Oakwood Healthcare system, from treating patients at this facility denies patients from making free choices between market alternatives and destroys competition.

45. The denial of proper process in applying for staff privileges to Plaintiff Gupta at the Oakwood-Dearborn location, limited term at Oakwood-Heritage, and the unreasonable delay in Dr. Neshewat's obtaining "courtesy privileges" at the Oakwood-Dearborn by their competitors has denied each Plaintiff access to patients who have been or may be hospitalized at Oakwood-Dearborn, thus restraining Plaintiffs from treating patients in the relevant market.

46. There is no legitimate or other valid business reason or medical staffing reason set forth in the bylaws, rules or regulations of Oakwood-Dearborn, that excludes physicians who have obtained staffing privileges at other hospitals within the Oakwood Healthcare system from obtaining privileges at Oakwood-Dearborn.

47. There is no legitimate or valid business reason that other physicians of the same specialties as Dr. Gupta and Dr. Neshewat have obtained clinical privileges at Oakwood-Dearborn at the time Dr. Gupta's privileges were denied.

48. Defendants' denial of full staff privileges to Plaintiffs at Oakwood-Dearborn is an intentional, improper and illegal anti-competitive activity that has a significant detrimental affect on health care services and other goods provided through interstate commerce.

49. The Defendants' actions in precluding Plaintiffs from obtaining staff privileges at Oakwood-Dearborn are inherently unreasonable and derive solely from anti-competitive motivations.

50. The Defendants' acts amount to and have resulted in an unreasonable restraint on interstate trade and commerce in violation of the Sherman Anti-Trust Reform Act, 15 USC §1 et seq.

51. The Defendants' conduct has been carried out with an intent to restrain trade and create a monopoly in violation of the Sherman Antitrust Reform Act, 15 USC §2.

52. Defendants have a financial interest in precluding Plaintiffs from obtaining staff privileges at Oakwood Hospital-Dearborn in that they will obtain increased revenue and compensation from treatment of Plaintiffs' patients admitted to Oakwood-Dearborn.

53. The arrangement between the Defendants consists of continuing agreements, understandings or concerted of action to prevent Plaintiffs from gaining staff privileges at Oakwood-Dearborn; the object of which is to exclude Plaintiffs from competition in the Dearborn, Michigan health care market.

54. As a result of Defendants' actions and their anti-competitive activity, Plaintiffs have sustained actual and special damages including future damages, severe emotional distress, embarrassment, aggravation and damage to their professional reputation.

55. Pursuant to the Sherman Anti-Trust Reform Act, Plaintiffs are entitled to recover statutory treble damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $25,000 in addition to their costs and fees associated with this litigation and any additional relief this Court deems appropriate.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND BUSINESS EXPECTANCY

56. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 55 as though fully set forth herein by reference.

57. Plaintiffs, in holding staff privileges at Oakwood-Southshore Medical Center and Oakwood-Heritage, had and currently have, an existing relationship with the Oakwood Healthcare System.

58. Based upon this existing relationship, Plaintiffs had an expectation that their business relationship with Oakwood Healthcare System would entail the granting, for applicants in good standing, of medical staff privileges at another Oakwood Healthcare system affiliated hospital, namely Oakwood-Dearborn.

59. This business expectancy had a reasonable likelihood of future economic benefit to Plaintiffs.

60. Upon information and belief, Defendants knew of this business expectancy.

61. Through illegal or fraudulent conduct, Defendants have intentionally and improperly interfered with this business expectancy.

62. As a result of the denial of staff privileges and limitation of the term of privileges to Dr. Gupta, his business expectancy has been disrupted and/or terminated.

63. As a result of the denial of full staff privileges to Dr. Neshewat, his business expectancy has been disrupted and/or terminated.

64. Further, as a result of the disruption and/or termination of this business expectancy, Plaintiffs have been denied opportunity to treat their past, present and future patients with whom they have an existing and/or future business relationship, and who seek treatment and/or hospitalization at Oakwood-Dearborn.

65. Defendants knew Plaintiffs maintained patients in the surrounding area who could and would seek treatment at Oakwood-Dearborn.

66. Defendants knew of Plaintiffs' expectancies to have advantageous professional relationships with these patients and Defendants conduct has intentionally and improperly interfered with the expectancies Plaintiffs had in treating these patients.

67. Defendants' improper conduct was intended to and interfered with Plaintiffs' expectancies that Plaintiffs had in advantageous professional relationship with their patients.

68. Defendants conduct is improper because it was taken for an anti-competitive and unlawful purpose.

69. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered substantial economic loss, loss of goodwill, harm to their business opportunities, emotional distress, embarrassment, aggravation and loss to their business reputation.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that judgment be entered in their favor in an amount in excess of $25,000 in addition to their costs and fees associated with this litigation and any additional relief this Court deems just and appropriate.

## COUNT III – CONSPIRACY

70. Plaintiffs incorporate the allegations in paragraphs 1 through 69 as though fully set forth herein by reference.

71. Defendants illegally and wrongfully conspired with one another with the intent to and for the illegal purpose of tortiously interfering with Plaintiffs' business relations and business expectancy, engaging in anti-competitive activity, restraining trade and destroying competition through the improper and impermissible use of staff privileges to accomplish an unlawful purpose that constitutes anti-trust violations.

72.     Defendants' conspiracy resulted in the illegal, unlawful and tortious activity of violating the Sherman Anti-Trust, the Michigan Anti-Trust Reform Act and unlawfully interfering with Plaintiffs' business relationships and business expectancies.

73.     As a result of Defendants' conspiracy, Plaintiffs have suffered damages including future damages, substantial economic injury, loss of goodwill, harm to their business reputations, loss of esteem, loss of business opportunities, severe emotional distress, embarrassment, and aggravation.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Court grant judgment in favor of Plaintiffs in an amount in excess of $25,000 in addition to their costs and fees and any further relief this Court deems just and appropriate.

### COUNT IV – MICHIGAN ANTI-TRUST REFORM ACT (MCL §445.773)

74.     Plaintiffs incorporate the allegations in paragraphs 1 through 73 as though fully set forth herein by reference.

75.     Oakwood-Dearborn's improper and impermissible misuse of its staff privileges process, by denying or limiting privileges to physicians who have already been granted privileges at other hospitals within the same health care system, is an unreasonable exclusionary practice that has unreasonably restrained trade.

76.     Oakwood-Dearborn's improper and impermissible misuse of its staff privileges process, by denying or limiting physicians, who have obtained staffing privileges within the Oakwood Healthcare system, from treating their patients at this facility denies patients from making free choices between market alternatives and destroys competition.

77. There is no legitimate or other valid business, quality of care, or medical reason why physicians who have obtained staff privileges at other hospitals within the Oakwood Healthcare system, are denied privileges at Oakwood-Dearborn.

78. Defendants' conduct in the establishment, maintenance or use of a monopoly and attempt to establish a monopoly in the relevant market by willfully and intentionally excluding Plaintiffs from obtaining full staff privileges at Oakwood-Dearborn and limiting competition in the relevant market, is a violation of Michigan's Anti-trust Reform Act and is derived solely from anti-competitive motivations.

79. Defendants' conduct is per se illegal because their conduct exhibits a severe restraint on trade with no public benefit; rather it harms and limits the publics' choice in seeking medical services.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Court grant judgment in favor of Plaintiffs in an amount in excess of $25,000 in addition to their costs and fees and any further relief this Court deems just and appropriate.

Respectfully submitted,

Dated: November 30, 2005

KOTZ, SANGSTER, WYSOCKI & BERG, P.C.

BY: _____
DANIEL J. MCGLYNN (P47678)
Attorneys for Plaintiffs
400 Renaissance Center, Suite 2555
Detroit, Michigan 48243-1675
(313) 259-8300

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all such claims allowed by law.

Dated: November 30, 2005

Respectfully submitted,

KOTZ, SANGSTER, WYSOCKI and BERG, P.C

BY: _____
DANIEL J. MCGLYNN (P47678)
Attorney for Plaintiffs
400 Renaissance Center, Suite 2555
Detroit, MI 48243-1675
(313) 259-8300

S:\Neshewat, Michael, M.D-6981\Oakwood Hospital\Pleadings\Complaint 11-29-05.doc

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

05-74537

ANNA DIGGS TAYLOR

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed: Oakland

County of Residence of First Listed: Wayne
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Name, Address and Telephone Number)
Daniel J. McGlynn (P47678)
Kotz, Sangster, Wysocki and Berg, P.C.
400 Renaissance Center, Suite 2555
Detroit, MI 48243    (313) 259-8300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault, Libel And Slander | | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC Section 2 Sherman Anti-Trust Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $ DEMAND    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 11/30/05    SIGNATURE OF ATTORNEY OF RECORD
X _____

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :